IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JONATHAN PENDLETON**,

      Petitioner,

v.                                                  Civil Action No. **3:23CV734 (RCY)**

**LOUISE DiMATTEO,** *et al.*,

      Respondents.

**MEMORANDUM OPINION**

Jonathan Pendleton, currently a Texas resident, brings this *pro se* petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Pendleton is not incarcerated but appears to be challenging his prior criminal proceedings where he was acquitted but placed in mental health civil commitment, and challenging an outstanding bench warrant for his failure to appear in the Circuit Court for the County of Arlington ("Circuit Court"). As background, the Alexandria Division of this Court explained as follows:

> According to his Complaint, in March 2014, Pendleton entered a lecture hall at George Mason University and attacked an economics professor with pepper spray in an attempt to "effectuate a citizen's arrest" because plaintiff believed the professor had "gain[ed] unauthorized access to [his] computer . . . [in] furtherance of stalking or harassment." [Dkt. No. 1] ¶ 31. Pendleton was charged with malicious wounding by means of a caustic substance, abduction, assault, and battery in Arlington Circuit Court, [Dkt. No. 1-1] at 1, and on December 15, 2014, he was found not guilty by reason of insanity ("NGRI"). [Dkt. No. 1] ¶ 34. In accordance with Va. Code 19.2-182.2, the presiding judge, Judge DiMatteo, ordered Pendleton into the temporary custody of the Commissioner of Behavioral Health and Developmental Services for evaluation of whether release or commitment was appropriate. *Id.* ¶ 35. After a commitment hearing in May 2015, Pendleton was committed to Central State Hospital for inpatient treatment and was later transferred to the Northern Virginia Mental Health Institute. *Id.* ¶¶ 43–48. In January 2017, Judge DiMatteo granted Pendleton conditional release, and he was placed on outpatient treatment and monitoring by the Arlington County Community Services Board and the Arlington County Department of Human Services. *Id.* ¶¶ 49–50.

Between March 2019 and August 2020, Pendleton, with the assistance of counsel, filed several petitions for unconditional release, which Judge DiMatteo denied. *Id.* ¶¶ 53-101. In response to a report filed by his NGRI Coordinator that Pendleton had violated conditions of his release, Judge DiMatteo scheduled a show cause hearing for October 2020. Upon learning that the hearing had been scheduled, Pendleton "fled Arlington" and did not appear for the October 2020 show cause hearing. *Id.* ¶ 104. As a result, a warrant was issued for his arrest. *Id.* Because Pendleton left Virginia while he was on conditional release and did not have permission from the court, he could be charged with a felony. In accordance with Va. Code Ann. § 19.2-182.15, "[a]ny person placed on conditional release pursuant to § 19.2-182.7 who leaves the Commonwealth without permission from the court which conditionally released the person shall be guilty of a Class 6 felony."

In May 2021, at a hearing that Pendleton did not attend, Judge DiMatteo revoked his conditional release. *Id.* ¶ 105. Under Va. Code 19.2-182.8, the court may revoke an acquittee's conditional release and order him returned to the custody of the Commissioner of Behavioral Health and Developmental Services.

After leaving Virginia, Pendleton lived in Seattle, Washington, and Austin, Texas. *Id.* ¶¶ 106, 114. In August 2022, Pendleton was arrested in Austin, Texas on the October 2020 warrant and was held in custody for 10 days, but apparently was not returned to Virginia. *Id.* ¶ 115. The arrest warrant remains active, [Dkt. No. 9] at 4, and Pendleton is identified as a fugitive in the Arlington County Circuit Court records.

On August 23, 2022, Pendleton filed a Petition for Writ of Habeas Corpus in Arlington Circuit Court in which he identified his place of detention as "Warrant for arrest and return to the custody of the Commissioner." [Dkt. No. 1-1] at 1. In his petition to the circuit court, Pendleton raised several claims, including that he has been denied equal protection and due process in his commitment and release proceedings; the October 2020 arrest warrant violated the Double Jeopardy Clause; he received ineffective assistance of counsel throughout his commitment and release proceedings; and he has been subjected to cruel and unusual punishment. [Dkt. No. 1-1]. The petition sought an order "declaring [his] continued and prolonged detention unlawful and ordering [his] immediate release." *Id.* at 2. On March 13, 2023, Pendleton filed a "similar" Petition for Writ of Habeas Corpus with the Virginia Supreme Court, seeking to have the October 2020 warrant quashed, among other forms of relief. [Dkt. No. 1] ¶ 123; [Dkt. No. 1-2]. According to his Petition for Writ of Mandamus, the Virginia Supreme Court dismissed his habeas petition for failure to provide proof of service. [Dkt. No. 12-1] at 7; [Dkt. No. 10-1] at 3.

The Complaint must be dismissed because it constitutes an attack on ongoing state criminal and civil proceedings, for which neither his § 1983 nor his petition for writ of habeas corpus are appropriate. Rather, Pendleton—who is a fugitive from justice—should return to Virginia and seek relief directly from the Circuit Court of Arlington County where his arrest warrant and conditional release proceedings are pending. Moreover, this action must be dismissed because of the

"fundamental policy" that federal courts should abstain from interfering in ongoing
state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 46 (1971).

*Pendleton v. Miyares*, No 1:23-cv-446 (LMB/IDD), 2023 WL 7109681, at *1–2 (Oct. 3, 2023)

(alterations and omissions in original) (footnotes omitted).

In his § 2254 Petition, Pendleton "continue[s] to seek relief from his unlawful and

prolonged detention under Virginia's facially unconstitutional NGRI statutes." (ECF No. 1, at 1.)

However, Pendleton is not currently detained, but has a bench warrant issued for his arrest.

Although individuals who are serving terms of parole, probation, or conditional release generally

meet the "in custody" requirement for habeas corpus, it is doubtful that Pendleton—who was on

conditional release from a mental health hospital and, subsequently, fled and remains a fugitive—

satisfies that requirement.[1]   Nevertheless, the Court need not decide that here, because even if

Pendleton satisfied the "in custody" requirement, he has not exhausted his state court remedies.

---

[1] Under 28 U.S.C. § 2254(a), a federal district court has jurisdiction over claims "of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution and laws or treaties of the United States." A litigant can meet the "in custody" requirement, when incarcerated pursuant to a criminal conviction, or when civilly committed or found in civil contempt pursuant to a state court order. *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (citations omitted).  Moreover, custody is not limited to "actual physical custody," but a person remains "in custody" if subject to significant restraints on his or her liberty, so long as the restraints are a direct consequence of the challenged state order. *Jones v. Cunningham*, 371 U.S, 236, 239–40 (1963); *see Piasecki v. Court of Common Pleas, Bucks Co., Pa.*, 917 F.3d 161, 163 (2019) (finding sex offender registry requirements upon release "were sufficiently restrictive to constitute custody and that they were imposed pursuant to a state court judgment").  Here, Pendleton was acquitted of any criminal charges because he was found not guilty by reason of insanity but was civilly committed to a mental health facility.  Pendleton was subsequently released from his civil commitment, but presumably was subject to various conditions of release sufficient to amount to a restraint on his liberty.  *See Piasekci*, 917 F.3d at 163.  *But see Maleng v. Cook*, 490 U.S. 488, 492 (1989) (recognizing that a petitioner being subject to "collateral consequences" of a prior conviction, such as a sentencing enhancement in a subsequent offense, does not render him in custody); *Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012) (holding that sex offender registration requirements resulting from a prior conviction do not render a petitioner "in custody" for purposes of that conviction, once he has fully served his sentence of imprisonment and any period of supervision, parole, or probation).  At that juncture, Pendleton likely was "in custody" for the purposes of habeas corpus.  However, once Pendleton learned that a show cause hearing had been scheduled because he violated his terms of conditional release, Pendleton fled, and he

3

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)).  In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n. 5 (citing *Boumediene*, 553 U.S. at 793).  Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* at 531 (alteration in original) (quoting *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951)); *see Sweeney v. Woodall*, 344 U.S. 86, 90 (1952) (explaining that "[c]onsiderations fundamental to our federal system require that the [fugitive] prisoner test the claimed unconstitutionality of his treatment by [the state] in the courts of that State").

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 224 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").  Here, the issues raised by Pendleton, may be resolved either by (1) a trial on the merits in the Circuit Court, or (2) subsequent direct and collateral appeals.  *See Newkirk*

---

remains at large.  Thus, it cannot be said that Pendleton is currently subject to any conditions of his release that would amount to a restraint on his liberty; and thus, is doubtfully "in custody" for the purposes of habeas corpus.

*v. Lerner*, No. 3:13CV570-HEH, 2013 WL 4811219, at *1 (E.D. Va. Sept. 9, 2013) (citing *Gould*

*v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily

dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in

his upcoming criminal prosecution")).  As the Alexandria court noted, "Pendleton—who is a

fugitive from justice—should return to Virginia and seek relief directly from the Circuit Court of

Arlington County where his arrest warrant and conditional release proceedings are pending."

*Pendleton*, 2023 WL 7109681, at *2.  Pendleton fails to demonstrate that any exceptional

circumstances warrant the consideration of his habeas petition at this time.

Accordingly, Pendleton's § 2254 Petition (ECF No. 1) and the action will be DISMISSED

without prejudice because Pendleton has failed to exhaust available state remedies or demonstrate

that exceptional circumstances warrant consideration of his petition at this juncture.  Pendleton's

Motion for Pro Se E-Noticing (ECF No. 3) will be DENIED.  A certificate of appealability will be

DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

_____/s/

Roderick C. Young

United States District Judge

Date:   November 30, 2023
Richmond, Virginia

5